# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 11-3127-RGK (JCGx)** | Date | June 28, 2011 |
|---|---|---|---|
| Title | ***MCBRATNEY v. S&W INVESTMENTS, INC., et al.*** | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER REMANDING CIVIL ACTION TO SUPERIOR COURT**

On April 13, 2011, Defendants S&W Investments, Inc. DBA Sage Contract Investments, Inc., Safeco Insurance Company of America, First National Insurance Company of America, Western Surety Company and Great American Insurance Company ("Defendants") removed this action from state court to federal court based on diversity jurisdiction.

Removal jurisdiction is governed by statute. *See* 28 U.S.C. §§ 1441, et seq. The Ninth Circuit has held unequivocally that the removal statute is construed strictly against removal. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). The strong presumption against removal jurisdiction means that "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*citing Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)); *see also In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

For the following reasons, the Court finds that Defendants have not met their burden of proof and demonstrated that the Court has subject matter jurisdiction over the matter.

A party may remove a matter to federal court based on diversity jurisdiction where no defendant has the same citizenship as any plaintiff. 28 U.S.C. §§ 1332, 1441. "[A] corporation [is] deemed . . . a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1).

According to the notice of removal, McBratney Company ("Plaintiff") is a citizen of California, S&W Investments DBA Sage Contractor Services ("SCS") is a citizen of California and the remaining defendants are citizens of various states. Safeco argues that SCS should be ignored for the purposes of determining jurisdiction "on the ground that there is no possibility that Plaintiff McBratney will be able

to establish liability against said parties for the reason that Defendant SCS is not the real party in interest."

To support this contention, Safeco first cites Federal Rule of Civil Procedure 17(a)(1), which it says "requir[es] a real party in interest." Safeco next states that SCS has assigned its rights, title and interest in its subcontract with McBratney to Safeco. Safeco then asserts that an assignee is considered a real party in interest, citing *Klamath-Lake Pharmaceutical Association v. Klamath Medical Service Bureau*, 701 F.2d 1276 (9th Cir. 1983). The Court finds Safeco's arguments unavailing.

Safeco's reliance on Rule 17(a)(1) is misplaced. First, Rule 17(a)(1) alone cannot help Safeco as the federal rules themselves cannot extend the jurisdiction of district courts. *See* Fed. R. Civ. P. 82. Second, Rule 17(a)(1) merely governs which party name may be used in the prosecution of an action.

Safeco also relies on *Klamath*, which is inapposite. *Klamath* involved a dispute between pharmacies that assigned their claims to an pharmaceutical association ("Association"), which then sued a local healthcare provider ("Provider") for antitrust violations. *Klamath*, 701 F.2d at 1279-80. The issue decided by the court was whether Klamath could prosecute an action as a real party in interest, as defined by 17(a)(1). *Id.* at 1282-83. The court did not determine the real party in interest for purposes of deciding an issue of jurisdiction. Thus, *Klamath* is not relevant here.

Safeco has not met the burden of proof that removal demands. Specifically, Safeco has not shown that SCS should be ignored for the purpose of determining whether diversity exists. Because Plaintiff and SCS are both citizens of California, diversity jurisdiction does not exist in this matter.

For the foregoing reasons, the above-titled case is ordered **REMANDED** to Superior Court for all further proceedings for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

: _____

Initials of Preparer      slw